

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | No. 15-17295 |
| Plaintiff-Appellant, | D.C. Nos.   3:10-cv-05591-SC |
| v. | 3:11-cv-02861-SC |
| SEAMASTER LOGISTICS, INC.; TOLL GLOBAL FORWARDING (AMERICAS) INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,[**] District Judge.

Plaintiff-Appellant Mitsui O.S.K. Lines, LTD. ("MOL") appeals the

dismissal of its Racketeer Influenced and Corrupt Organizations Act ("RICO")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

claims against SeaMaster Logistics, Inc. ("SeaMaster") and Toll Global Forwarding (Americas) Inc. ("Summit"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

MOL alleges that Summit and SeaMaster's fraudulent wire and mail transmissions proximately caused its domestic injuries. To show proximate cause, MOL must prove "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). Mere "but-for" or factual causation is insufficient. *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010). So too is "[a] link that is too remote, purely contingent, or indirect." *Id.* (citation and internal quotation marks omitted).

Defendants' use of U.S. mails and wires did not proximately cause MOL's injuries. Those injuries were the direct result of Summit and SeaMaster's false Shenzhen door declarations, which induced MOL to issue payments to Rainbow and forego the higher origin receiving charges and space protection premiums to which it otherwise would have been entitled. The false wire and mail transmissions at issue may have facilitated the overall arrangement, but their role in the scheme was insufficiently direct to constitute a proximate cause of MOL's injuries. *See Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774 (9th Cir. 2002).

Because MOL cannot show proximate cause, we need not address whether it suffered "domestic injury" within the meaning of *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2106-11 (2016). Defendants' Motion for Judicial Notice is accordingly denied.

**AFFIRMED.**